**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramiro MESA–FARIAS, Defendant–**
**Appellant.**

No. 94–30174.

United States Court of Appeals,
Ninth Circuit.

Submitted * April 14, 1995.

Decided April 21, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

William I. Lee, Deputy Federal Public Defender, Tacoma, WA, for defendant-appellant.

Thomas E. Booth, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: WRIGHT, POOLE and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Today we must clarify our holding in *United States v. Becerra*, 992 F.2d 960 (9th Cir. 1993). In that case, we held that a defendant is responsible for the amount of drugs possessed by a coconspirator only if that amount was reasonably foreseeable to the defendant. We now hold that a defendant is responsible for the total amount of drugs in his own possession, regardless of whether the amount was foreseeable.

**I**

The FBI was investigating Rodolfo Mendoza, appellant Ramiro Mesa–Farias's brother-in-law, for suspected drug dealing. During their surveillance, FBI agents watched the two men buy a used car and park it at Mendoza's apartment, where Mesa–Farias was staying. They later saw both men driving the car. On one occasion, they saw Mesa–Farias take a small package from the trunk of the car into the apartment. Mendoza left shortly thereafter and used the car to make several drug deals.

The agents executed a warrant at the apartment, where they found Mesa–Farias sleeping on the floor with the keys to the car at his side. They also found drug paraphernalia, large amounts of cash and Mendoza's drug ledger containing Mesa–Farias's name. In the car they found 8797.5 grams of cocaine and 239.5 grams of heroin. One of Mesa–Farias's fingerprints was on a package of cocaine.

A jury convicted Mesa–Farias of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of cocaine and heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At sentencing, Judge Tanner found that Mesa–Farias was the supplier and the "money man", and therefore could have reasonably foreseen the quantity of drugs involved in the conspiracy. He imposed a twenty year sentence, the statutory minimum for both the conspiracy and the cocaine possession offenses. 21 U.S.C. § 841(b)(1)(A)(ii).

**II**

Before we address the sentencing issue, we must consider the sufficiency of the evidence. We evaluate the evidence in the light most favorable to the government, and reverse for insufficiency only if no rational trier of fact could have found the elements of the charged offense beyond a reasonable doubt. *United States v. Quinn*, 18 F.3d 1461, 1465 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2755, 129 L.Ed.2d 871 (1994).

Mesa–Farias's possession offenses require proof of knowing drug possession and an intent to distribute. *United States v. Ocampo*, 937 F.2d 485, 488 (9th Cir.1991). The Government proved knowing drug possession by showing that Mesa–Farias had control of the car; he bought it, drove it, and was in close proximity to its keys when he was arrested. Based on the large quantity of

drugs (8797.5 g of cocaine and 239.5 g of heroin), the jury could properly have inferred his intent to distribute. *Id.* We find the evidence sufficient to sustain his convictions for possession with intent to distribute.

██ To prove conspiracy, the Government must prove: 1) an agreement to accomplish an illegal objective; and 2) the requisite intent necessary to commit the underlying substantive offense. *United States v. Penagos,* 823 F.2d 346, 348 (9th Cir.1987), *modified by United States v. Shabani,* —— U.S. ——, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Agreement may be shown by evidence of coordinated activity between the defendant and the alleged coconspirators. *United States v. Hegwood,* 977 F.2d 492, 497 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993).

██ An agreement between Mesa–Farias and Mendoza was shown by their coordinated activities. They bought and drove the car and shared the same apartment. Absent an agreement, Mendoza would not have allowed an outsider to drive a car loaded with cocaine and heroin or sleep in an apartment containing drug paraphernalia and substantial amounts of cash. *See United States v. Pollock,* 926 F.2d 1044, 1050 (11th Cir.), *cert. denied,* 502 U.S. 985, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991) (a jury could reasonably conclude that drug smuggler would not entrust shipment to outsider). We find the evidence sufficient to support the conspiracy conviction.

### III

Mesa–Farias contends that Judge Tanner made false assumptions at sentencing. He says there was no support for finding that he was the supplier and the "money man." He says that, based on these errors, Judge Tanner improperly found that the total quantity of drugs involved was reasonably foreseeable.

██ We need not decide whether the court's findings were erroneous. Mesa–Farias was convicted not only for conspiracy to distribute more than five kg of cocaine, but also for possession of that amount. The possession offense carries the same statutory enhancement and twenty year minimum as the conspiracy offense, *see* 21 U.S.C. § 841(b), regardless of whether the total amount was foreseeable.

Mesa–Farias cites *United States v. Becerra,* 992 F.2d 960 (9th Cir.1993), for the proposition that the amount must be reasonably foreseeable whenever a defendant is sentenced under § 841(b). But *Becerra* involved conspiracy alone, not possession.

In that case, we required only that sentencing for conspiracy be the same under § 841(b) as under the Sentencing Guidelines, which require that the quantity of drugs be reasonably foreseeable. Sentencing for possession is already the same under § 841(b) as under the Guidelines, which do not require that the quantity of drugs be reasonably foreseeable for "conduct that the defendant personally undertakes." U.S.S.G. § 1B1.3 comment (n. 2).

Although we have not explicitly limited the reasonably foreseeable test to conspiracy cases, the Second Circuit has done so. *United States v. de Velasquez,* 28 F.3d 2 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 679, 130 L.Ed.2d 611 (1994). We now adopt the reasoning of *de Velasquez* and clarify our holding in *Becerra.* The reasonably foreseeable test of *Becerra* limits a conspirator's liability only for drugs possessed by a coconspirator, not for drugs possessed by the conspirator himself.

We conclude that remand is unnecessary because any error that occurred was harmless. Mesa–Farias would still be subject to the twenty year minimum sentence. *See United States v. Beltran–Felix,* 934 F.2d 1075 (9th Cir.1991), *cert. denied,* 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 123 (1992) (sentencing error harmless where defendant was subject to statutory minimum even without the error).

**AFFIRMED.**