87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
John James ROBINSON, Defendant-Appellee.
 No. 95-10013.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1996.
Decided June 21, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant, James Robinson, was convicted of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(iii), and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court granted defendant's motion for acquittal and alternatively ordered a new trial. We affirm the judgment of acquittal.[1]
 
 
 4
 Viewing the evidence in the light most favorable to the government, we conclude that no reasonable person could have found the defendant gulity of conspiracy to distribute cocaine, see United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995) (agreement); United States v. Gil, 58 F.3d 1414, 1423 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995) (knowing and intentional participation); United States v. Aichele, 941 F.2d 761, 763 (9th Cir.1991) (slight connection to conspiracy), or of possession of cocaine with the intent to distribute, beyond a reasonable doubt, see United States v. Walker, 993 F.2d 196, 200 (9th Cir.) ("Mere proximity to the drug, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession."), cert. denied, 114 S.Ct. 276 (1993). The government's case, at best, consists of evidence that defendant 1) returned to the house when he saw officers approaching, 2) yelled to the others in the house, 3) lay down in the entryway to the bedroom containing the drugs, firearms and drug paraphernalia when the police exploded a diversionary device in the front room, and 4) had his fingerprints on a notebook that was on a shelf of an entertainment center, between three pages allegedly describing how to run a drug business and the Yellow Pages.[2] This evidence is clearly insufficient to sustain a conviction on the drug offenses. The district court therefore properly granted defendant a judgment of acquittal on the conspiracy and possession charges.
 
 
 5
 Given that the evidence was insufficient to support a conviction for either of the drug charges, the district court properly found the evidence insufficient to support a conviction for using a firearm during and in relation to a drug trafficking offense--this aside from the fact there was insufficient evidence to connect defendant with any or all of the firearms located in the house. Accordingly, the district court properly granted defendant a judgment of acquittal on the firearms charge as well.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In light of our holding that the district court properly granted defendant a judgment of acquittal, we need not decide whether the district court's alternative ruling granting a new trial was proper
 
 
 [2]
 The government's own witness conceded that no inference of drug dealing could be drawn from the contents of the notebook on which defendant's fingerprints were found. RT 1380