91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry FISHER, Jr., Defendant-Appellant.
 No. 95-10232.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Fisher, Jr., appeals his jury conviction for one count of conspiring to possess with the intent to distribute heroin (21 U.S.C. §§ 841(a)(1), 846) and five counts of possessing with the intent to distribute heroin (21 U.S.C. § 841(a)(1)). He contends that: (1) the trial court erred by failing to grant his motion for judgment of acquittal; and (2) trial counsel was ineffective for failing to present an entrapment defense at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 On August 12, 1993, a paid informant introduced DEA agent Paul Hacket to Fisher and his live-in girlfriend, Jeanette Trujillo. Hacket bought about a quarter gram of heroin from Fisher and returned on September 3rd to purchase an additional gram. On February 15, 1994, Hacket met with Fisher to arrange for the purchase of a half ounce of heroin.
 
 
 4
 On June 3, 1994, Hacket purchased one half ounce of heroin from Fisher. At that time, Fisher told Hacket that he had a new supplier whom he identified as a woman. Surveillance officers saw co-defendant Maria Corella-Lopez at Fisher's house during the drug deal.
 
 
 5
 On June 15, 1994, Hacket returned to Fisher's residence and purchased two ounces of heroin. Corella-Lopez was also at the house during this transaction. Hacket told Fisher he was interested in four more ounces of heroin and gave Fisher his number to page him when the deal was ready to proceed. On June 21st and June 22nd Fisher paged Hacket's pager. After the second page, officers stopped Corella-Lopez as they saw her leaving her residence. Inside her home, agents found three ounces of heroin and some of the marked buy-money exchanged between Hacket and Fisher on the June 15th deal.
 
 DISCUSSION
 I. Rule 29 Motion
 
 6
 Fisher contends that the trial court erred by denying his motion for judgment of acquittal on the conspiracy count (count one) and the possession for distribution count relating to the heroin found at Corella-Lopez's residence (count six). These contentions lack merit.
 
 
 7
 The denial of a Rule 29 motion is reviewed under the same standard as an insufficiency of the evidence claim: whether viewing the evidence presented at trial in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Castaneda, 16 F.3d 1504, 1510-11 (9th Cir.1994).
 
 
 8
 "To prove conspiracy, the Government must prove: 1) an agreement to accomplish an illegal objective; and 2) the requisite intent necessary to commit the underlying substantive offense." United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995); see also United States v. Shabani, 115 S.Ct. 382, 385 (1994) (government need not prove commission of overt act to establish violation of 21 U.S.C. § 846). An agreement may be inferred from evidence of coordinated activity among the defendants or other circumstantial evidence. See Mesa-Farias, 53 F.3d at 260; see also United States v. Vgeri, 51 F.3d 876, 879 (1995). Co-conspirators are jointly liable for the acts of any conspirator done in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); United States v. Hegwood, 977 F.2d 492, 498 (9th Cir.1992) (per curiam), cert. denied, 508 U.S. 913 (1993).
 
 
 9
 There was sufficient evidence presented at trial to support the jury's verdict. The record reflects that Trujillo and Corella-Lopez were present at several of the drug deals, that Trujillo vouched for the quality of the drugs, and that Corella-Lopez had personally received at least a portion of the buy money from one of the sales. In addition, heroin was found in Corella-Lopez's residence along with the buy-money. These and other facts presented at trial were more than sufficient for a rational juror to infer that Fisher and his co-defendants agreed to distribute heroin as charged in count one of the indictment. See Vgeri, 51 F.3d at 879-80.[1] Accordingly, the jury could have reasonably determined that Fisher was also guilty of possessing the heroin found in Corella-Lopez's home based on a Pinkerton theory of liability. See Hegwood, 977 F.2d at 498.[2] We therefore reject both of Fisher's challenges to the sufficiency of the evidence.
 
 II. Ineffective Assistance of Counsel
 
 10
 Fisher contends that his trial counsel was ineffective for failing to present an entrapment defense. Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such claims may be considered on direct appeal only when the record is sufficiently complete to allow review or when counsel's representation was "so inadequate that it obviously denie[d] a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). In this case it would be more appropriate for Fisher to present his ineffective assistance of counsel claim on collateral attack, after creating whatever record might be relevant in the district court. We therefore decline to address the issue. See Robinson, 967 F.2d at 290-91; Laughlin, 933 F.2d at 788-89.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Fisher does not renew his argument that because he used a supplier other than Corella-Lopez prior to June 3, 1994, there was insufficient evidence to support the type of single ongoing conspiracy charged in count one. Accordingly, Fisher has waived review of this issue. See United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994)
 
 
 [2]
 Accordingly, we need not address whether there was sufficient evidence for the jury to convict Fisher under the alternate theories of constructive possession or aider and abettor liability