103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmitt Gene MILLER, Sr., Defendant-Appellant.
 No. 94-50487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emmitt Gene Miller, Sr. appeals pro se his 121-month sentence imposed following this court's remand for resentencing. Miller was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of cocaine of 21 U.S.C. § 841(a)(1). Miller contends that: (1) the district court erred when it sentenced him for an uncharged one-kilogram cocaine transaction; (2) he received ineffective assistance of counsel at sentencing; and (3) his criminal conviction violated the Double Jeopardy Clause because of the prior administrative forfeiture of his property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Miller contends that the sentencing court erred by sentencing him for the one-kilogram of cocaine involved in the June 1990 transaction. This contention lacks merit.
 
 
 4
 The legality of a sentence is reviewed de novo, and we accept the district court's findings of fact unless they are clearly erroneous. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992). The Sentencing Guidelines direct the court to determine the base offense level for drug crimes on the basis of "all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); see also U.S.S.G. 2D1.1 comment. (n. 10); United States v. Sanchez, 967 F.2d 1383, 1385 (9th Cir.1992). The government, however, must prove by a preponderance of the evidence that the defendant either: (1) personally participated in the acts and omissions, or (2) the acts and omissions were in furtherance of jointly undertaken activity that was reasonably foreseeable by the defendant. U.S.S.G. § 1B1.3(a)(2) and comment. (nn. 1 & 2); Sanchez, 967 F.2d at 1385.
 
 
 5
 Here, the government established that Miller personally participated in the June 1990 transaction. At Miller's resentencing hearing, the government relied on the trial testimony of government witness, Irving Harrinson. At Miller's trial, Harrinson had testified that he delivered a kilogram of cocaine to Miller in June of 1990. This transaction was a part of a series of transactions in which Miller received cocaine from Harrinson and delivered it to codefendant Whitmore. In addition, the government submitted wiretap evidence that corroborated Harrinson's testimony. The sentencing judge, who was also the judge at Miller's trial, found Harrinson's testimony credible and concluded that the June transaction, although uncharged, constituted relevant conduct under the guidelines. In so concluding, the district court committed no error. See Fine, 975 F.2d at 599-600 (9th Cir.1992) (in determining what constitutes relevant conduct, sentencing judge can consider acts not included in the counts of conviction); Sanchez, 967 F.2d at 1385.[1]
 
 
 6
 Miller next contends that his trial counsel was ineffective because his performance with regard to the above sentencing issue was deficient. Given our disposition of this contention, Miller cannot show prejudice. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 7
 Finally, Miller contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because of the prior administrative forfeiture of his property pursuant to 21 U.S.C. § 881. Even assuming that Miller has properly raised this claim, his contention is foreclosed by United States v. Ursery, 116 S.Ct. 2135 (1996) (holding that civil forfeitures pursuant to section 881 do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we uphold the district court's finding that Miller personally possessed an additional kilogram of cocaine, we need not address the issue of foreseeability. See United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995)
 
 
 [2]
 Miller's motion for reassignment to the prior panel is denied