116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santiago ESQUIVEL-VEGA, Defendant-Appellant.
 No. 96-10294.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1997.
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-05096-REC; Robert E. Coyle, Chief Judge, Presiding.
 Before: D.W. NELSON, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Santiago Esquivel-Vega ("Appellant") appeals his jury conviction and sentence for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. Appellant contends that the evidence was insufficient to support his convictions. We have jurisdiction under 21 U.S.C. § 1291, and we affirm his possession conviction and reverse his conspiracy conviction.
 
 
 3
 The parties are familiar with the relevant facts, so we do not repeat them here. The evidence is sufficient to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 The Possession Conviction
 
 4
 Appellant contends that the evidence was not sufficient to prove he knew the methamphetamine was concealed in the pickup. We disagree. We have previously "held that knowledge may be reasonably inferred where the defendant drives a car 'laden' with illegal substances." United States v. Quintero-Barraza, 78 F.3d 1344, 1351 (9th Cir.1995) (citations omitted). The evidence in the instant case is even stronger than the evidence in Quintero-Barraza. The evidence shows: 1) Appellant drove a truck with more than thirteen pounds of methamphetamine concealed within the truck; 2) Appellant had a 1990 felony conviction for possession of drugs with intent to distribute; 3) Appellant had another car in his possession with a secret compartment used for hiding drugs; and 4) Appellant had large amounts of cash in his house.
 
 
 5
 In light of all of the above evidence, we must conclude that a rational trier of fact could have found that Appellant knowingly possessed the methamphetamine. We therefore affirm Appellant's conviction for possession of methamphetamine with the intent to distribute.
 
 The Conspiracy Conviction
 
 6
 The essential elements of a drug-trafficking conspiracy are: "1) an agreement to accomplish an illegal objective; and 2) the requisite intent necessary to commit the underlying substantive offense." United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995) (citations omitted). Because there is no evidence that Appellant entered into an agreement with anyone other than his codefendant, who was acquitted, we reverse Appellant's conspiracy conviction.
 
 
 7
 In its brief, the Government contends that there is sufficient evidence to support the conspiracy conviction because Appellant's "possession of the approximately five kilograms of methamphetamine that he intended to distribute, the [Appellant's] possession of the second load car, and the substantial amount of cash found at his apartment, point to the [Appellant's] involvement in an ongoing conspiracy to distribute methamphetamine." United States Brief at 13-14. The Government also notes that "no evidence of methamphetamine manufacturing activity by the defendant was present at trial and the defendant had to get the methamphetamine from somewhere." Id. at 14. Lastly, the Government cites authority for the proposition that "absent an agreement, a major supplier of drugs would not allow someone to drive a vehicle loaded with a large shipment of valuable drugs." Id.
 
 
 8
 We reject the Government's circular and purely speculative arguments. Under the Government's theory, advanced on appeal but not in the trial court, anybody who possesses a large quantity of drugs must necessarily be guilty of conspiracy, as well as possession. None of the evidence on which the Government relies, however, indicates the existence of an agreement. Appellant's possession of two cars with drug compartments and large quantities of both drugs and cash are certainly probative of a possession charge, but do not necessarily support a conspiracy charge.
 
 
 9
 Moreover, there is absolutely no evidence in the record of an agreement between Appellant and any other person. The jury acquitted Appellant's codefendant (Nunez-Abarca, the passenger in the truck Appellant drove) of both possession and conspiracy charges. Therefore, if the jury acquitted Nunez-Abarca of conspiracy, then Appellant must have conspired with someone "known or unknown," as alleged in boilerplate form in the indictment. There is nothing in the record, however, to support this proposition. See United States v. Patterson, 678 F.2d 774, 780-81 (9th Cir.1982) (discussing general rule that acquittal of all but one of the alleged conspirators requires acquittal of the remaining defendant, unless indictment refers to unknown persons as coconspirators and the government supplies evidence to support a charge that the defendant conspired with the unknown persons). The Government's attempt at oral argument to claim that Appellant conspired with someone named "Juan" is not only unconvincing, but it is inconsistent with the Government's presentation at the trial.
 
 
 10
 Next, the Government's contention that Appellant would not have been driving the truck laden with drugs "absent an agreement" with a major drug supplier ignores the obvious: If the drugs belonged to Appellant, he would not need an agreement with anyone to drive the truck.
 
 
 11
 Finally, we reject the Government's effort to shift the burden of proof to a defendant by arguing that a defendant's failure to produce evidence of methamphetamine manufacturing proves he must have conspired with someone else--the manufacturer.
 
 
 12
 We note that counsel for Appellant failed to make a motion under Fed. R.Crim. Proc. 29(c) for a judgment of acquittal after the jury convicted her client but acquitted his alleged coconspirator. At oral argument, Appellant's counsel candidly admitted she was unaware of the Patterson rule and the grounds for such a motion. Thus, we examine the issue for plain error under Fed. R.Crim. Proc. 52(b).
 
 
 13
 In so doing, we conclude that an error occurred, that it was plain, that substantial rights were affected (because Appellant was saddled with an unwarranted felony conviction), and that the interests of justice mandate correction of the error. See United States v. Olano, 507 U.S. 725, 732 (1993).
 
 
 14
 Given the above, we reverse Appellant's conviction for conspiracy to distribute methamphetamine and remand to the district court for resentencing.
 
 Anders Issues
 
 15
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Appellant asks us to review: first, the district court's denial of his motion to suppress, and second, the length of his sentence. As to the first, under Whren v. United States, 116 S.Ct. 1769 (1996), and Ohio v. Robinette, 117 S.Ct. 417 (1996), the district court did not err in denying Appellant's motion to suppress evidence. As to the second, to the extent that the district court imposed a discretionary sentence within the proper guideline range, we will not review his sentence on the ground that it is excessive. United States v. Lopez, 37 F.3d 565, 570 (9th Cir.1994). Moreover, we remand for resentencing in light of the reversal of Appellant's conspiracy conviction.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3