117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brad LEE, Defendant-Appellant.
 No. 96-56053.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California; Nos. CV-95-06764-WMB, CR-90-00089-WMB; William Matthew Byrne, Chief Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Brad Lee appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 1990 conviction and sentence for conspiracy to possess with intent to distribute phencyclidine ("PCP") (21 U.S.C. § 846) and possession with intent to distribute PCP (21 U.S.C. § 841(a)(1). We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Lee contends that trial and appellate counsel were ineffective for failing to: (1) argue that Lee could not have reasonably foreseen the amount of PCP for which he was held responsible and (2) raise the issue of sentencing entrapment.[1]
 
 
 4
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). We may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, without examining the performance prong. See id. at 697; see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (appellate counsel not ineffective for failing to raise weak issues).
 
 
 5
 Lee contends that the sentencing court erred by attributing the five gallons of PCP to him because that amount was not foreseeable within the meaning of the "relevant conduct" guideline. See U.S.S.G. § 1B1.3. This contention lacks merit. Besides being convicted for conspiring to possess the five gallons of PCP, Lee was also convicted for the outright possession of that amount. Lee was therefore personally responsible for the five gallons and no separate determination regarding foreseeability was required. See United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995) (holding that "reasonably foreseeable test" is limited to cases where defendant convicted only of conspiracy, not of possession). Accordingly, Lee has failed to show he was prejudiced by his counsels' failure to raise this sentencing issue. See id.; Strickland, 466 U.S. at 697; Miller, 882 F.2d at 1434.
 
 
 6
 Lee contends that trial and appellate counsel were ineffective for failing to raise the issue of sentencing entrapment. This contention also lacks merit because Lee failed to present any facts in his section 2255 motion to support such a claim; instead he merely reiterated his argument that the amount of drugs attributed to him were unforeseeable. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989) (vague or conclusory allegations warrant summary dismissal of section 2255 claims). Moreover, nothing in the record supports a claim of sentencing entrapment. Lee's only personal contact with the government agent was on the day of the transaction at which time he told the agent the drugs were nearby and ordered a co-defendant to retrieve a sample for the agent. See generally United States v. Naranjo, 52 F.3d 245, 249-51 (9th Cir.1995) (to prevail on sentencing entrapment claim defendant must establish that he had neither the intent nor the resources to produce the negotiated amount). Accordingly, Lee has failed to show he was prejudiced by counsels' failure to raise the issue of sentencing entrapment. See Strickland, 466 U.S. at 697; Miller, 882 F.2d at 1434. The district court's judgment is therefore
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's contention that Lee waived his ineffective assistance of counsel claims by failing to properly raise them in his section 2255 motion