122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Keith DAVIS, Defendant-Appellant.
 No. 96-50519.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brian Keith Davis appeals his jury trial conviction for conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and 841(a)(1), and for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Davis also challenges his 262-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both his conviction and sentence.
 
 
 3
 Davis contends that there was insufficient evidence to sustain his conspiracy conviction. However, because the record reveals that Davis failed to move for a judgment of acquittal on the conspiracy charge during his trial pursuant to Federal Rule of Criminal Procedure 29(a), he has "waived his right to challenge the sufficiency of the evidence on appeal." United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990); see also United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). Nevertheless, we "may review the sufficiency of the evidence only to prevent a 'manifest miscarriage of justice.' " United States v. Smith, 924 F.2d 889, 893-94 (9th Cir.1991) (citation omitted)
 
 
 4
 Viewing the evidence in the light most favorable to the government, we find no such inequity here. See id. at 894. Davis's failure to raise the sufficiency of the evidence claim at the district court precludes him from raising it on appeal. See id.; Ward, 914 F.2d at 1346.
 
 
 5
 Davis also contends that the district court erred by predicating his sentence for conspiracy upon the total amount of cocaine base involved (765 grams), rather than the amount of cocaine base attributable to Davis's actual role in the conspiracy. This contention lacks merit.
 
 
 6
 We review the district court's factual findings in the sentencing phase for clear error. See United States v. Vaandering, 50 F.3d 696, 704 (9th Cir.1995). Under the Sentencing Guidelines, each conspirator "is to be judged not on the distribution made by the entire conspiracy but on the basis of the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the conspirators." United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993); U.S.S.G. § 1B1.3(a)(1)(B) (1995).
 
 
 7
 Besides being convicted for conspiring to possess and distribute the 765 grams of cocaine base, Davis was also convicted for the outright possession of that amount. Davis was therefore personally responsible for the 765 grams and no separate determination regarding foreseeability was required. See United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995) (holding that "reasonably foreseeable test" is limited to cases where defendant convicted only of conspiracy, not of possession). Accordingly, the district court committed no error in the sentencing of Davis. See Vaandering, 50 F.3d at 704; Mesa-Farias, 53 F.3d at 260.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Davis's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3