142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Estevan Carrera SEGUAME, Defendant-Appellant.
 No. 97-55407.
D.C. Nos. CV-96-02255-ER, CR-92-01127.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Estevan Carrera Seguame, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to set aside his jury conviction and sentence for conspiracy to possess and distribute cocaine, possession with intent to distribute cocaine, and for attempted distribution of cocaine. We review de novo, see McMullen v. United States, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997), and affirm.
 
 
 3
 Seguame contends that his trial counsel rendered ineffective assistance because counsel's questioning of key witnesses was incompetent and failed to elicit favorable testimony, and because counsel delivered an inadequate closing argument. While we agree with Seguame that the ineffective assistance claims raised in the instant section 2255 motion are not repetitive to those previously considered on direct appeal, cf. Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir.1976), we affirm the district court's judgment because Seguame failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," see Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992) (reviewing merits of section 2255 motion rather than remanding to district court for reconsideration).
 
 
 4
 Seguame's contention that his sentencing counsel rendered ineffective assistance by failing to argue for a specific factual determination as to the quantity of cocaine attributable to Seguame's involvement in the conspiracy lacks merit. Seguame cannot demonstrate prejudice because a factual determination was unnecessary--the object of the conspiracy was to distribute 9.7 kilograms of cocaine, and Seguame also was convicted for the outright possession of that amount. See Strickland, 466 U.S. at 697; see also United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995) (holding that "reasonably foreseeable" test which can limit the amount of drugs attributable to an individual conspirator does not apply when defendant also convicted for possession of the same amount).
 
 
 5
 Seguame next contends that sentencing counsel was ineffective by failing to argue for either a mitigating role adjustment or downward departure under the Sentencing Guidelines. Because the evidence at trial did not support an adjustment or downward departure for minimal participation, counsel was not ineffective for failing to argue for one. See Shah v. United States, 876 F.2d 1156, 1162 (9th Cir.1989) (stating that counsel's failure to raise a meritless argument does not constitute ineffective assistance).
 
 
 6
 Finally, because it is clear from the record that the entirety of Seguame's ineffective assistance claims are without merit, we reject his contention that he is entitled to an evidentiary hearing. See id. at 1158.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Seguame's request for submission without oral argument is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3