**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Clark Anthony MILLER, Defendant—**
**Appellant.**

No. 02–50295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided June 9, 2003.

Before: PREGERSON, THOMAS, Circuit Judges, and JORGENSON,

District Judge.*

## MEMORANDUM **

Clark Anthony Miller appeals his convictions for conspiracy to import cocaine and aiding and abetting importation of cocaine. We affirm. Because the parties are familiar with the factual and procedural histories of this case, we need not recount them here.

### I

The district court did not err in denying Miller's motion for acquittal as to the conspiracy count. In order to establish a conspiracy under 21 U.S.C. § 963, the United States must prove an agreement to accomplish an illegal objective and an intent to commit the underlying offense. *See, e.g., United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir.1997) To satisfy the first prong, the United States must prove that the defendant had knowledge of and participated in the conspiracy. *United States v. Mesa–Farias,* 53 F.3d 258, 260 (9th Cir.1995). To satisfy the second, the United States must establish the requisite intent to commit the underlying substantive offense. *United States v. Kim,* 65 F.3d 123, 125–26 (9th Cir.1995). In this context, intent need not manifest itself in the form of positive action. *See United States v. Montgomery,* 150 F.3d 983, 997–98 (9th Cir.1997). Once the existence of a conspiracy is established, a defendant may be convicted of knowing participation therein if evidence establishes, beyond a reasonable doubt, "even a slight connection" between that defendant and the conspiracy. *See United States v. Wright,* 215 F.3d 1020, 1028 (9th Cir.2000).

■ Although the government's case was not strong by any measure, when the evidence is viewed in the light most favorable to the prosecution, there was sufficient evidence to support the jury verdict. A rational jury could have concluded beyond a reasonable doubt that Miller had sufficient knowledge of, participated in, and joined—however briefly, quickly, and impetuously—the May 29 conspiracy to import a controlled substance. Likewise, a rational jury could have found beyond a reasonable doubt that Miller exhibited sufficient intent to facilitate the successful performance of one of the objects of the conspiracy (viz., to get the load car across the border), establishing the requisite "slight connection" between Miller, Miller's conduct, and the conspiracy itself. Thus, under the extremely deferential standard by which we must view the jury verdict, we conclude that sufficient evidence was presented to sustain the conspiracy conviction.

### II

The district court did not err in denying the defendant's motion for acquittal of the aiding and abetting charge. Where a defendant in some way associates with the criminal venture, participates in it as in something that he wishes to bring about, and seeks by his action to make it succeed, that defendant will have aided and abetted an offense. *United States v. Carranza,* 289 F.3d 634, 642 (9th Cir.2002). It is well-established that aiding and abetting liability "makes a defendant a principal when he consciously shares in any criminal act." *United States v. Sanchez–Mata,* 925 F.2d 1166, 1168 (9th Cir.1991) (citing *Nye & Nissen v. United States,* 336 U.S. 613, 620, 69 S.Ct. 766, 93 L.Ed. 919 (1949)). As in the conspiracy context, circumstantial evidence may be used to establish suffi-

---

* The Honorable Cindy Jorgenson, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cient evidence of aiding and abetting. *See United States v. Dinkane,* 17 F.3d 1192, 1196–97 (9th Cir.1994).

■ Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt Miller aided and abetted Bermudez in his importation offense. Miller was aware of at least some of Bermudez's history as a drug smuggler and was specifically informed that Bermudez had contraband of some type in his car. Armed with that knowledge, he chose to help secure Bermudez' safe passage with the illegal cargo. His participation was brief and perhaps impulsive. However, under the extremely deferential standard of review that we must employ, we conclude that Miller's aiding and abetting conviction is founded on sufficient evidence to sustain the verdict.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.