**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Abdallah M. DAIS, aka Seal A, aka Kamal Soudiha, Defendant— Appellant.**

No. 03–50173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 14, 2004.

---

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Criminal Division, Peter A. Hernandez, Esq., United States Attorneys Office, Los Angeles, CA, for Plaintif—Appellee.J

ay L. Lichtman, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Abdallah Dais appeals from his conviction and sentence. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ Dais argues that there was insufficient evidence to support his conviction for conspiracy to aid and abet the manufacture of methamphetamine. The evidence is sufficient to sustain a conviction when, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

"To establish a drug conspiracy, the government must prove: (1) an agreement to accomplish an illegal objective and (2) the intent to commit the underlying offense." *United States v. Iriarte–Ortega*, 113 F.3d 1022, 1024 (9th Cir.1997) (citing *United States v. Mesa–Farias*, 53 F.3d 258, 260 (9th Cir.1995)). Therefore, the government was required to prove an agreement and intent to aid and abet the manufacture of methamphetamine. The fact that there is no evidence the principal offense of manufacture of methamphetamine was ever committed is irrelevant. The object of the conspiracy-aiding and abetting-need not come about to convict the defendant. *United States v. Bosch*, 914 F.2d 1239, 1241 (9th Cir.1990). However, to agree to aid and abet the manufacture of methamphetamine, the conspirators must have had the specific intent to further the manufacture of methamphetamine. This intent cannot be inferred merely from the knowledge that products will be used illegally.

*Direct Sales, Co. v. United States*, 319 U.S. 703, 709, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943). In this case, the requisite intent could be inferred from testimony that Dais was generally in the business of ephedrine distribution, coupled with the testimony of Dais's accomplice that he told her that the ephedrine was used to "cook meth." Therefore, drawing the inferences in favor of the government, there was sufficient evidence to support Dais's convictions.

### II

Dais challenges the admission of evidence he previously purchased MDMA under Fed.R.Evid. 404(b). We do not reach the question of whether the trial court committed error in admitting the evidence, because we conclude that the error was harmless in light of Dais's statement to his accomplice that the ephedrine in question was used to "cook meth."

### III

■ The district court did not err in denying Dais's motion to suppress wiretap evidence. The district court correctly determined that a full and complete statement was provided in support of the wiretap request. *See United States v. Canales Gomez*, 358 F.3d 1221, 1224 (9th Cir.2004). All the prior efforts at normal surveillance were described with details, and reasons why these efforts were insufficient were provided. *Id.*

"Prior to issuing a valid wire intercept, the district court must find that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Torres*, 908 F.2d 1417, 1422 (9th Cir.1990) (quoting 28 U.S.C. § 2518(3)(c); *see also United States*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

v. *Commito,* 918 F.2d 95, 98 (9th Cir. 1990)). It is clear from the affidavits in the record that physical surveillance and other normal investigative tools had been tried and failed before authorization for a wiretap was issued to uncover Dais's suppliers. Therefore, the district court did not err in denying the suppression motion.

## IV

■ The district court did not err in refusing to hold a *Franks* hearing. A *Franks* hearing is required if an affidavit (1) contains intentional or reckless omissions or falsehoods, *United States v. Stanert,* 762 F.2d 775, 780–81 (9th Cir.1985), *as amended by* 769 F.2d 1410, and (2) the omissions or falsehoods are material-i.e., if they were excised, a statutory requirement would not be met. *United States v. Bennett,* 219 F.3d 1117, 1124–25 (9th Cir.2000).

Dais points to two alleged falsehoods concerning informant turned codefendant Negrete: (1) the affidavit stated that Negrete had not had contact with Dais since February 2001, and (2) it asserted that the DEA and BNE were not in a position to purchase pseudoephedrine from Dais using Negrete given the fact that it might tip Dais off to the surveillance. The latter statement is not a falsehood. The first statement was false. However, even if it were made recklessly, it was not material. If the issuing judge knew that Negrete had begun contacting Dais outside the government's control, for his own personal gain, this would not have made the government's wiretap any less necessary. Therefore, the district court was justified in denying the request for a *Franks* hearing.

## V

■ Dais appeals the district court's refusal to apply a minor role adjustment in sentencing. U.S.S.G. § 3B1.2. This decision is reviewed for clear error. *E.g.,*

*United States v. Pizzichiello,* 272 F.3d 1232, 1237 (9th Cir.2001). "The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense." *United States v. Ladum,* 141 F.3d 1328, 1348 (9th Cir.1998). "[A]n adjustment is warranted only where the defendant plays a role in the offense which makes him '*substantially* less culpable than the average participant.'" *United States v. Benitez,* 34 F.3d 1489, 1497–98 (9th Cir.1994) (quoting U.S.S.G. § 3B1.2, comment. (backg'd)). There was no clear error in denying a minor role adjustment in this case, where defendant brought a codefendant, Kefi, into the conspiracy.

## VI

■ Dais contends that the imposition of consecutive sentences was erroneous because it conflicted with the statutory directive that the Guidelines reflect the "inappropriateness" of consecutive sentences for a conspiracy and the object of that conspiracy. *United States v. Velasquez,* 304 F.3d 237, 242–44 (3d Cir.2002); 28 U.S.C. § 994(*l*)(2). We agree with the district court that there is no conflict in this case because the charged conspiracy to aid and abet the manufacture of methamphetamine referenced a different object than the substantive possession count. Because we held that there was sufficient evidence in the record to uphold the conviction of conspiracy as to both objects, the imposition of consecutive sentences was not improper.

AFFIRMED.