**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10123 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00258-MCE-1 |
| v. | |
| WILLIAM E. BROCK, IV, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted April 15, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,** District
Judge.

William Brock IV appeals his convictions and sentences for conspiracy to

distribute at least 100 kilograms of marijuana and for possession with intent to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err by denying Brock's motion to suppress. The tracking order issued by the Will County Circuit Court satisfied the Fourth Amendment requirements for a valid search warrant. *See Dalia v. United States*, 441 U.S. 238, 255 (1979). Therefore, application of a tracking device to Brock's truck was not a warrantless search. At oral argument, Brock's counsel conceded that probable cause existed to issue the order. *See United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011).

Installation of the GPS tracking device at night was proper, because under applicable Illinois law, a "warrant may be executed at any time of any day or night." 725 Ill. Comp. Stat. 5/108-13. Brock has not challenged the constitutionality of this law. Additionally, the device was installed in a public place, because Brock's driveway does not constitute the curtilage of his home. *See United States v. Duenas*, 691 F.3d 1070, 1081 (9th Cir. 2012).

The warrant did not limit the Illinois police officers to monitoring the tracking device only while it remained in the state. Brock has not cited any controlling authority for the proposition that continuing to monitor the tracker after

2

he unexpectedly took it out of the state would violate Brock's Fourth Amendment rights.

Brock's detention by Sergeant Boers did not produce any evidence that was used by any state entity during his investigation, trial, or sentencing. Thus, even if the detention were unlawful, it did not lead to any suppressible evidence.

Finally, Brock has not alleged facts sufficient to necessitate a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

2. The district court did not err by denying Brock's Rule 29 motion. The government produced sufficient evidence at trial to convict Brock of both possession with intent to distribute at least 100 kilograms of marijuana and conspiracy to distribute a least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

First, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded, beyond a reasonable doubt, that Brock possessed with intent to distribute at least 100 kilograms of marijuana. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010). Police officers found 260 kilograms of a green, leafy substance in Brock's warehouse. Multiple police officers identified the substance as marijuana based on its appearance and smell, as well as the police officers' experience investigating marijuana-related

3

crimes. *See United States v. Ferguson*, 555 F.2d 1372, 1373 (9th Cir. 1977) ("An experienced officer may identify a substance with which he is familiar."). Additionally, Officer Marchi field tested 20 of the 608 bags, chosen at random. Each of the tests returned presumptively positive for marijuana.

Second, any rational trier of fact could have concluded, beyond a reasonable doubt, that Brock and co-defendant Calvert were co-conspirators. "To prove conspiracy, the Government must prove: 1) an agreement to accomplish an illegal objective; and 2) the requisite intent necessary to commit the underlying substantive offense." *United States v. Mesa-Farias*, 53 F.3d 258, 260 (9th Cir. 1995). "Agreement may be shown by evidence of coordinated activity between the defendant and the alleged coconspirators." *Id.* "The agreement need not be explicit, but may be inferred from circumstantial evidence . . . ." *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980). Here, substantial evidence, when taken in a light most favorable to the prosecution, supports the conclusion that Brock and Calvert conspired to distribute marijuana: (1) both Brock's storage unit and Calvert's van contained a large number of the same type of vacuum-sealed bags and boxes containing marijuana; (2) the ledger in Brock's warehouse contained codes that were the same as those written on some of the bags of marijuana in Brock's warehouse as well as those found in Calvert's van; (3) the

4

pay-owe sheet found in Calvert's pocket also had matching codes; and (4) after Brock discovered the tracking device on his truck, he chose to abandon his truck and ride with Calvert to the storage unit where he was keeping his marijuana.

3. The district court did not err when sentencing Brock. Brock's sentencing was both procedurally and substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

**AFFIRMED.**