**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50005 |
| Plaintiff-Appellant, | D.C. No. 8:16-cr-00029-CJC-7 |
| v. | |
| JUSTIN MARQUES HENNING, AKA J-Stone, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[**] District Judge.

A jury found Justin Henning guilty of conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and brandishing a firearm in furtherance of a crime of violence in connection with a "smash-and-grab" robbery at a jewelry store in the Del

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

Amo mall ("the Del Amo Mall Robbery") in Los Angeles, California. The district court then granted Henning's motion for acquittal on all charges and conditionally granted a new trial. We have jurisdiction over the government's appeal under 28 U.S.C. § 1291. We reverse the judgment of acquittal but affirm the grant of a new trial.

1.     Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found that Henning was guilty of Hobbs Act robbery. *See United States v. Nevils*, 598 F.3d 1158, 1164-65 (9th Cir. 2010) (en banc). Two co-conspirators testified that Henning was the "emergency pickup" or "extra driver" for the robbery, and that he attended a planning meeting shortly before the Del Amo Mall Robbery at which individual roles were discussed. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993) ("The uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face."). In addition, cell phone records showed that Henning's car was in the vicinity of the Del Amo mall at the time of the robbery and he was in contact with several of the co-conspirators.

2.     The evidence, viewed in the light most favorable to the prosecution, was also sufficient to support Henning's conspiracy conviction. *See United States v. Si*, 343 F.3d 1116, 1123-24 (9th Cir. 2003). A co-conspirator testified that Henning attended two meetings at which the robbery was planned. Henning drove

to the Del Amo mall on one occasion with co-conspirators when the robbery was aborted and was near the mall and in contact with co-conspirators when the robbery occurred. This evidence established both a conspiratorial agreement and Henning's knowledge of the conspiratorial goal. *See United States v. Mesa-Farias*, 53 F.3d 258, 260 (9th Cir. 1995) ("Agreement may be shown by evidence of coordinated activity between the defendant and the alleged coconspirators.").

3.      There was also sufficient evidence to support Henning's 18 U.S.C. § 924(c) conviction for brandishing a firearm in furtherance of a crime of violence. *See United States v. Allen*, 425 F.3d 1231, 1234 (9th Cir. 2005) (stating that a defendant may be criminally liable for a § 924(c) violation as a conspirator if the use of a gun was "reasonably foreseeable" and "in furtherance of the conspiracy") (internal quotation marks omitted). A co-conspirator testified that Henning attended the first planning meeting where a gun was present and its potential use in the robbery was discussed. *See Rosemond v. United States*, 572 U.S. 65, 77 (2014) (holding that a defendant can also be convicted of aiding and abetting a § 924(c) violation when he actively participates in the crime of violence and "knows that one of his confederates will carry a gun").

4.      The district court did not "clearly and manifestly" abuse its discretion in granting Henning a new trial on all three counts. *See United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1212 (9th Cir. 1992) (internal quotation marks

omitted). "[D]espite the abstract sufficiency of the evidence to sustain the verdict," *id.* at 1211 (internal quotation marks omitted), the district court accurately recited the legal standard for granting a new trial, and identified significant issues with the evidence underlying the verdict. The primary pickup driver for the Del Amo Mall Robbery testified that he did not know where Henning was during the robbery and did not have Henning's phone number. Henning's name and number were not written on a piece of paper listing the robbery participants found in the primary pickup driver's car. There was no footage of Henning's car in the parking lot of the mall around the time of the robbery, and there was conflicting testimony about whether Henning even attended the first planning meeting. "Given the district judge's familiarity with the evidence and his ability to evaluate the witnesses, and in light of the deferential standard of review we are bound to apply in reviewing an order granting a new trial, we cannot say the district judge abused his discretion." *Id.* at 1213.

**REVERSED IN PART AND AFFIRMED IN PART.**