**UNITED STATES of America, Plaintiff,**

v.

**Bryan Joseph BRUBAKER, Defendants.**

**No. CR 06–34–M–DWM.**

United States District Court, D. Montana, Missoula Division.

Sept. 26, 2007.

Steven C. Haddon, Haddon Law Office, Helena, MT, for Defendants.

Joseph Thaggard, U.S. Attorneys Office, Great Falls, MT, for Plaintiff.

ORDER

MOLLOY, Chief Judge.

## I. Introduction

Defendant Bryan Joseph Brubaker was charged in a one-count indictment with distribution of a controlled substance resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). According to the government, Brubaker knowingly distributed Oxycodone to Eric Jacobson who later sold a portion of that Oxycodone to Jessica Lawhorn. Lawhorn died as a result of her consumption of the drug. Brubaker moves to dismiss the indictment on the ground that it violates his right to due process of law. Brubaker contends sections 841(a)(1) and (b)(1)(C) are vague as applied to the facts of his case because the

statutory provisions failed to provide fair warning Brubaker could be subject to an enhanced penalty when the decedent did not receive the drug directly from Brubaker. Because the plain language of the statute proscribes Brubaker's conduct, I conclude the statute is not vague as applied to Brubaker.

## II. Analysis

■ Section 841(a)(1) makes it unlawful to knowingly or intentionally distribute a controlled substance. The penalty provisions of the statute provide, in relevant part:

> [A]ny person who violates subsection (a) of this section shall be sentenced as follows:
>
> . . .
>
> (1)(C) In the case of a controlled substance in schedule . . . II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life . . . .

21 U.S.C. § 841(b)(1)(C).

Brubaker contends the language of the statute is vague and insufficient to provide him with fair warning he could be subject to heightened punishment for Lawhorn's death. Brubaker reasons it is not clear whether the term "distribute" in the statute encompasses only the original distribution of a drug or whether the term includes subsequent distributions from the person who originally received the drug to a third party. Brubaker notes "distribute" means "to deliver" and includes the "actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. § 802(8) & (11). He argues he did not actually deliver Oxycodone to the person who died as a result of using the drug; rather, he

delivered the drug to Jacobson, who in turn delivered it to Lawhorn.[1] According to Brubaker, because one must guess whether the statute applies to subsequent downstream distributions, the statute should be declared void for vagueness. Alternatively, Brubaker urges the Court to invoke the rule of lenity and apply the statute only to conduct which it clearly proscribes—i.e., delivery of a controlled substance where the original recipient dies from use of the drug.

 To comport with due process, the words of a statute must be sufficiently precise to provide people of ordinary intelligence with fair notice of the conduct the statute proscribes. *United States v. Vasarajs,* 908 F.2d 443, 448–49 (9th Cir.1990). The void-for-vagueness doctrine protects against laws that trap the innocent by not providing fair warning or impermissibly delegate policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis. *Bullfrog Films, Inc. v. Wick,* 847 F.2d 502, 512 (9th Cir. 1988).

The parties do not cite, and the Court could not find, any authority discussing whether the statute is unconstitutionally vague because of its failure to expressly indicate it applies to death resulting from downstream distribution of a controlled substance. Nevertheless, multiple courts of appeals, including the Ninth Circuit, have held the plain language of the statute does not require proof that death was a proximate cause or reasonably foreseeable result of the distribution. In *United States v. Robinson,* 167 F.3d 824, 826, 831–32 (3rd Cir.1999), for example, the court determined an enhanced sentence was ap-

propriate where a person died of a heroin overdose from heroin the defendant distributed to another person who in turn distributed it to the decedent. The court did not address whether the statute was void for vagueness because the argument was not raised. In rejecting the defendant's contention that the resulting death must have been reasonably foreseeable, however, the court made several observations that are relevant here. The court stated:

> Congress recognized that the risk is inherent in the product and thus it provided that persons who distribute it do so at their peril. It is obvious Congress intended in such a case that the 20–year mandatory minimum would apply if death or serious bodily injury resulted from the use of the substance without regard for common law proximate cause concepts.
>
> . . .
>
> We recognize that in some cases it is possible that the death or serious bodily injury which "results from the use of a [controlled] substance" may be so remote a consequence from the criminal conduct of the defendant with respect to the substance that a court might conclude that it would not be consistent with congressional intent to apply the mandatory 20–year minimum sentence. Wherever, if anywhere, that line might be is of no concern to us now. In this case, Robinson conspired to distribute the heroin and a person to whom it almost immediately was distributed consumed it and died as a result. Surely,

---

1. Brubaker cannot be held vicariously liable for the consequences of Jacobson's actions under a conspiracy theory because Brubaker is not charged with conspiracy. *See United States v. Ruiz,* 462 F.3d 1082, 1088 (9th Cir.

2006) (observing "co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy" (quotation omitted)).

here the mandatory minimum sentence is applicable.

*Id.* at 831–82.

In a similar case in the Eighth Circuit, the defendant challenged imposition of an enhanced sentence for his participation in a conspiracy to manufacture methamphetamine that resulted in death.[2] *United States v. McIntosh*, 236 F.3d 968, 971 (8th Cir.2001). The defendant in *McIntosh* manufactured methamphetamine at his residence with his live-in girlfriend. *Id.* at 970. The defendant's girlfriend provided some of the manufactured methamphetamine to her daughter, who died as a result of using the drug. *Id.* The district court applied the statute's twenty-year mandatory minimum despite finding the defendant did not directly furnish the drug to the decedent and had no knowledge the decedent was being supplied with the drug by others. *Id.* at 971. The Eighth Circuit upheld the district court's decision, concluding Congress intended the enhancement to apply without regard to the principles of proximate cause or reasonable foreseeability. *Id.* at 973. The court observed

> [f]rom the statute's language, it is clear Congress intended to expose a defendant to a more severe minimum sentence *whenever* death or serious injury is a consequence of the victim's use of a controlled substance that has been manufactured or distributed by that defendant. We decline to hinder Congress's will, apparent from the face of the statute, through a judicial pronouncement that the statute requires more than it says.

*Id.* at 972; *see also United States v. Soler*, 275 F.3d 146 (1st Cir.2002) (concluding 21

U.S.C. § 841(b)(1)(C) applies without proof the death was reasonably foreseeable in case where decedent snorted heroin under the misimpression it was cocaine); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir.1994) (concluding plain language of the statute does not impose a reasonable foreseeability requirement).

The Ninth Circuit too has concluded foreseeability is not an element of distribution of a controlled substance resulting in death. *United States v. Houston*, 406 F.3d 1121, 1125 (9th Cir.2005) (noting, however, cause-in-fact must be proven). The court in *Houston* observed, "as long as death 'results' from the use of a described controlled substance, the person convicted of distributing the substance [is subject to an enhanced penalty]." *Id.* at 1124. The court stopped short of labeling section 841(b)(1)(C) a strict liability statute, noting "we recognize there may be some fact scenarios in which the distribution of a controlled substance is so removed and attenuated from the resulting death that criminal liability could not be imposed within the bounds of due process." *Id.* at 1124 n. 5. Brubaker relies principally on this language in support of his assertion that the statute is vague as applied to the facts of this case.

The instant case, however, does not present a factual scenario in which the distribution of a controlled substance is so removed and attenuated from the resulting death that imposition of criminal liability would violate due process. Brubaker distributed Oxycodone to Eric Jacobson, who sold the drug only a day or two later to Jessica Lawhorn. Lawhorn died from using the drug. *See Robinson*, 167 F.3d at 832 (concluding death was not sufficiently

**2.** Although the defendants in *United States v. Robinson*, 167 F.3d 824 (3rd Cir.1999), and *United States v. McIntosh*, 236 F.3d 968, 973–74 (8th Cir.2001), were charged with conspir-

acy, the courts' decisions in those cases were not based exclusively on a vicarious liability theory.

remote to render statute inapplicable where only one other person existed in the distribution chain in addition to the defendant and the decedent).

Section 841(a)(1) criminalizes the knowing distribution of Oxycodone. For purposes of this motion, Burbaker concedes he knowingly distributed Oxycodone. Section § 841(b)(1)(C) proscribes a sentence of twenty years to life imprisonment "if death ... results from the use of such substance." Brubaker does not contest, for purposes of this motion, that Lawhorn died as a result of using the Oxycodone he distributed. Brubaker's conduct therefore falls within the plain language of the statute. The fact that the Oxycodone distributed by Brubaker passed through another's hands before making its way to Lawhorn is of no moment. As every court of appeals to address the issue to date has concluded, the plain language of the statute does not require a defendant's distribution to be a proximate cause of the resulting death. *See, e.g., Patterson,* 38 F.3d at 145 ("The statute puts drug dealers and users on clear notice that their sentences will be enhanced if people die from using the drugs they distribute."). Accordingly, the statute is not unconstitutionally vague as applied to the facts of this case.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (dkt # 13) is DENIED.