**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10489 |
| Plaintiff - Appellee, | D.C. No. 2:13-CR-00085-JAD-PAL-2 |
| v. | |
| MARCO ANTONIO CABALLERO-PEREZ, AKA Antonio Caballero-Perez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 9, 2016**
San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

Appellant Marco Caballero-Perez ("Caballero") appeals his jury trial conviction

for distribution of methamphetamine.  We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Caballero did not object at trial to the jury instructions for the count of conviction[1] and thus the instruction is reviewed for plain error. *United States v. Doe*, 705 F.3d 1134, 1143 (9th Cir. 2013). Caballero bears the burden of establishing that an obvious or plain error affected his substantial rights and seriously affects the fairness, integrity or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

The district court gave the Ninth Circuit Model Jury Instructions for distribution of methamphetamine and knowledge, and these instructions correctly stated the law. *See United States v. Houston*, 406 F.3d 1121, 1122 (9th Cir. 2005). Caballero cites no authority to support his contention that either of these instructions were erroneous or that they somehow permitted the jury to convict based on "mere presence" and without intent. Indeed, the jury was specifically instructed that presence at the scene of a crime was insufficient. The jury was not required to find "intent to distribute," as it was in the other charged counts, because the count of which Caballero was convicted alleged an actual distribution occurred. There was no plain error.

---

[1] Indeed, Caballero's counsel orally ratified the proposed "joint instructions," and thus may have waived the issue entirely. *United States v. Cain*, 130 F.3d 381, 383-84 (9th Cir. 1997). We need not decide this issue because we conclude that, even assuming the objection was not waived, there was no plain error.

Nor did the district court abuse its discretion by admitting evidence of Caballero's prior conviction. The prior conviction was very similar to two charged counts because methamphetamine was found in a hidden compartment of a vehicle. This was relevant to rebut Caballero's defense that he had no knowledge of the concealed narcotics and was merely present in the vehicle. *See United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008) (prior bad act evidence admissible if not overly remote, tends to prove a material point, shares similarities to the charged offense, and is based on sufficient evidence). The district court provided a proper limiting instruction to that end. In any event, even if the court erred, any error in admitting the evidence was harmless because the jury did not convict Caballero of one of the counts involving the concealed methamphetamine, and thus admission of the evidence did not prejudicially impact the outcome. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1244 (9th Cir. 2004).

**AFFIRMED.**