**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30109 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00267-BR-3 |
| v. | |
| RAUL ARCILA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30110 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00267-BR-1 |
| v. | |
| FABIAN SANDOVAL-RAMOS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 6, 2018
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Raul Arcila and Fabian Sandoval-Ramos ("Defendants") were convicted of conspiracy to distribute heroin resulting in death. 21 U.S.C. § 841(a)(1), (b)(1)(C). They appeal their convictions and sentences. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.	The district court did not commit plain error by instructing the jury to answer a special verdict question regarding whether death was a foreseeable result of the conspiracy. When a defendant does not object to jury instructions at trial, we review those instructions for plain error. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005). "A trial court commits plain error when (1) there is error, (2) that is plain, and (3) the error affects substantial rights." *United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000).

In *United States v. Houston*, we held that the death resulting from the distribution of a controlled substance need not have been reasonably foreseeable in order for the penalty enhancement in § 841(b)(1)(C) to apply. 406 F.3d 1121, 1123 (9th Cir. 2005). We noted that, although other cases had required the government to prove the defendant's conduct proximately cause the resulting injury, those cases "involved crimes such as involuntary manslaughter and *conspiracy* that

2

impose criminal culpability only when the consequences of the criminal act are reasonably foreseeable." *Id.* (emphasis added). Here, the government requested the special verdict question, because it was concerned that the holding in *Houston* did not extend to conspiracies. Because *Houston* implied conspiracies may require proof of proximate cause, the district court did not commit plain error by including the special verdict question. Moreover, Defendants cannot show prejudice from the question; if, as Defendants contend, only but-for causation was required, the special question verdict suggested a higher burden of proof.

2.     Because the district court did not err in including the special verdict question, it also did not commit plain error by allowing the government to introduce evidence regarding the harmful and deadly effects of heroin usage. Such evidence was relevant to prove that death was a reasonably foreseeable result of the conspiracy to distribute heroin.

3.     Defendants' argument that the district court committed plain error by allowing the government to introduce hearsay statements lacks merit. The statements were not hearsay, because they were not introduced for the truth of the matter asserted in the statements. Fed. R. Evid. 801(c). Rather, the statements were introduced to show the effect they had on the listeners. *See United States v. Torres*, 794 F.3d 1053, 1057 (9th Cir. 2015). When evidence can be used for two different

3

purposes, one permissible and one impermissible, a court may allow the introduction of the evidence for the permissible purpose. *United States v. Flores*, 802 F.3d 1028, 1047 (9th Cir. 2015).

4.     The district court did not err in applying the penalty enhancement in § 841(b)(1)(C). Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter *shall be subject to the same penalties* as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (emphasis added). Defendants conspired to violate § 841(a), i.e., distribution of a controlled substance. Therefore, they are subject to the same penalty as if they had actually violated § 841(a). The penalty enhancement in § 841(b)(1)(C) applies when the use of the controlled substance distributed in violation of § 841(a) is the but-for cause of a death. *Burrage v. United States*, 134 S. Ct. 881, 892 (2014). Thus, the district court did not err in applying the penalty enhancement provision, because the heroin distributed as a result of Defendants' conspiracy to violate § 841(a) caused a death.[1]

---

[1] Whether the government is required to prove proximate causation in addition to actual causation in the case of a conspiracy has not yet been answered directly. Here, however, the jury found both actual and proximate causation.

4

The government did not need to prove that the object of the conspiracy was to violate the penalty enhancement provision in § 841(b)(1)(C), i.e., to cause death, because a sentencing enhancement is not part of the underlying offense. *See United States v. Vera*, 770 F.3d 1232, 1249 (9th Cir. 2014). (holding that the factual predicate to a sentencing enhancement was merely "the functional equivalent of an element that had to be submitted to a jury and proved beyond a reasonable doubt for the purposes of sentencing alone" (quotation marks and citation omitted)). Consequently, the district court did not err in applying the penalty enhancement in § 841(b)(1)(C).

5.    The district court sentenced Defendants to the statutory minimum sentence. Thus, any error in calculating their respective sentencing guideline ranges was harmless.

**AFFIRMED.**