# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11224

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL DEON THOMPSON,
also known as "ICE MIKE"

Defendant - Appellant

Appeal from the United States District Court for the
Northern District of Texas

Before HIGGINBOTHAM, DENNIS, and HO, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Michael Deon Thompson was charged with and convicted by a jury of two counts: (1) distribution and possession with intent to distribute heroin resulting in serious bodily injury to April Myers and (2) conspiracy to distribute and possess with intent to distribute heroin. Because of Thompson's prior felony drug convictions, and pursuant to 21 U.S.C. § 841(b)(1)(C), he was sentenced to a mandatory term of life imprisonment. Thompson appeals his conviction and the denial of his motion for a new trial. For the following reasons, we AFFIRM.

No. 18-11224

## I. Background

Michael Thompson was a drug dealer who, from October 2016 to October 2017, sold heroin to Bobby Mason multiple times per week. Mason would at times act as a middleman, connecting customers with Thompson in exchange for extra heroin. On the morning of October 6, 2017, Mason met fellow heroin user April Myers at her house; the two planned on picking up some heroin to use and some to sell. Myers had started her day by taking out cash to purchase the heroin. She also used some of the funds to buy Xanax and hypodermic needles. When she arrived home, she gave her money to Mason who began calling drug dealers to arrange a deal. Mason called Thompson and another supplier, John Carrion, also known as Rico. Myers had never previously met either dealer.

At trial, Mason testified that Thompson arrived first at Myers's residence, pulling up to the front of the home in his Ford SUV. Mason went outside, got into Thompson's vehicle, and bought at least two grams of heroin with Myers's money. Although Myers could not see Thompson, she watched the transaction from her porch to make sure that Mason did not steal any of the heroin.

After completing the transaction, Mason went back inside Myers's home, informed her that he had purchased heroin from Thompson, and proceeded to use a spoon to prepare the heroin for use. At this point, Carrion called Myers's phone, and Mason went outside and purchased around one gram of heroin. Mason returned to the residence and drew the heroin Thompson supplied from the spoon into a syringe. Mason then injected himself with the heroin. Mason testified that Myers next injected herself with the heroin, while Myers testified that Mason injected her. Mason was the only witness with firsthand knowledge that Thompson was the source of the heroin that Myers used that morning.

2

No. 18-11224

Immediately after the injection, Myers "knew [she] was in trouble." She "felt out of control" and afraid. Myers headed to her bathroom to throw up, but she collapsed on the bathroom floor, losing consciousness.

Mason called 911 from Myers's cell phone and reported the overdose. He then gathered the remaining heroin and fled from the house. Paramedics later arrived and administered Narcan, a medication that counteracts the effects of a heroin overdose. One paramedic testified that it required about twenty minutes to resuscitate Myers after administering the Narcan.

The paramedics took Myers to a hospital where Dr. Jonathan Dizon, an emergency room physician, examined her. At trial, Dr. Dizon testified that, after reviewing the paramedic's report, he believed that Myers "suffered serious bodily injury . . . from the ingestion of heroin" and that her ingestion of heroin "create[d] a substantial risk of death." Dr. Dizon also stated that a toxicology report based on a sample of Myers's urine found heroin, methamphetamine, cocaine, opiates, and benzodiazepine. He testified that, in his expert opinion, but for Myers's use of heroin, she would not have sustained serious bodily injury.

At trial, the jury was instructed that "[t]o prove that serious bodily injury resulted to April Myers from the use of heroin, the government must prove beyond a reasonable doubt that but for [Myers]'s use of heroin, [Myers] would not have sustained serious bodily injury." During closing argument, Thompson's counsel argued that Mason is a liar and asked the jury not to believe him. After deliberating, the jury found Thompson guilty of both counts. With respect to Count One, the jury specially found "beyond a reasonable doubt, that [April Myers] suffered serious bodily injury as a result of ingesting heroin distributed by Michael Deon Thompson."

No. 18-11224

Following the verdict, Thompson moved for judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Rule 33. The district court denied both motions.

Due to Thompson's prior felony convictions, his conviction under Count One for distribution and possession with intent to distribute heroin resulting in serious bodily injury mandated a sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(C);[1] Thompson was also sentenced to 41 months' imprisonment on the related conspiracy charge. He timely appealed.

## II. Standard of Review

When a challenge to the sufficiency of the evidence is preserved by moving for acquittal under Federal Rule of Criminal Procedure 29, the challenge is reviewed *de novo* but with a high degree of deference to the verdict. *See United States v. Scott,* 892 F.3d 791, 796 (5th Cir. 2018). All evidence is viewed "in the light most favorable to the Government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict." *Id.* (internal quotation marks omitted). In addition, evidence on an essential element of an offense is sufficient "if *any* rational trier of fact could have found" that element beyond a reasonable doubt. *Id.* (internal quotation marks and citation omitted).

"[T]he decision to grant or deny a motion for new trial based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of

---

[1] The statute provides in pertinent part:

If any person commits such a [controlled substances] violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and *if* death or *serious bodily injury results from* the use of such substance shall be sentenced to life imprisonment . . . .

21 U.S.C. § 841(b)(1)(C) (emphasis added).

discretion." *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997) (internal quotation marks omitted).

### III. Discussion

Thompson contends on appeal that (1) the evidence was insufficient to find that the heroin he supplied was the but-for cause of Myers's serious bodily injury, (2) the Government was required to prove that his distribution was the legal or proximate cause of Myers's injury under § 841(b)(1)(C), and (3) the district court abused its discretion in denying his motion for a new trial.

### A. Sufficiency of the Evidence on But-For Causation

"[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage v. United States*, 571 U.S. 204, 218-19 (2014). "But-for causation requires the Government to show merely that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019) (internal quotation marks and citation omitted). The standard is not difficult to meet because it "asks simply whether the outcome would have occurred in the absence of the action." *Id.* Thus, there may be many but-for causes of any given event. *Id.*

The Supreme Court in *Burrage* held that the defendant's distribution of heroin to a person who died of a drug overdose was not a but-for cause of the death because the victim had ingested so many other drugs that no expert could testify that, but for the heroin, the victim would have lived. 571 U.S. at 207-08. On the other hand, a drug distributed by a defendant may be a but-for or "actual" cause of death or injury if other drugs in a victim's system would not have caused the victim's harm without the addition of the defendant's drug. *See id.* at 210, 217-18.

No. 18-11224

We conclude sufficient evidence existed to support the jury's finding of but-for causation here.  Dr. Dizon, the emergency room physician who treated Myers, testified explicitly that he believed that but-for Myers's use of heroin, she would not have sustained serious bodily injury.[2]  Also, the testimony of Mason, Myers, and the paramedic establish a clear timeline that points to heroin as a but-for cause of Myers's injury.  Myers collapsed nearly immediately after she injected the heroin and then regained consciousness shortly after being administered Narcan.  This all suggests that without ingesting the heroin Thompson supplied, Myers would not have suffered serious bodily injury.

Thompson argues that the evidence was insufficient to establish but-for causation because he distributed heroin to Mason, rather than Myers, and because Mason ultimately chose the heroin injected into Myers.  However, there is no requirement that Thompson directly distribute the drugs to the end-user or that Thompson be the final link in the causal chain. *See, e.g.*, *United States v. Soler*, 275 F.3d 146, 149, 152-53 (1st Cir. 2002) (finding but-for causation standard met even though defendant-appellant had no direct dealings with the victim); *United States v. McIntosh*, 236 F.3d 968, 973 (8th Cir. 2001), *abrogated on other grounds by Burrage*, 571 U.S. 204 ("The enhancement inquiry [under § 841] is not altered merely because . . . [the victim] obtained the drug directly from someone other than McIntosh."). Because there may be "many but-for causes," we likewise find no merit in Thompson's argument that the heroin had to be the "only" cause of Myers's injuries.  *See Salinas*, 918 F.3d at 466 (internal quotation marks omitted).

---

[2] Thompson asserts that Dr. Dizon's trial testimony was improper.  However, Thompson failed to object to Dr. Dizon's expert testimony at trial, and we discern no plain error in the district court's allowing that testimony into evidence. *See United States v. Cotton*, 535 U.S. 625, 631 (2002).

No. 18-11224

Therefore, we cannot say that no rational juror could find the but-for causation standard met based on the testimony and evidence adduced at trial. *Scott*, 892 F.3d at 897.

### B. Causation Standard Under Count One

On appeal, Thompson argues that, in addition to but-for causation, the charge under Count One for distributing heroin which resulted in serious bodily injury required the Government to prove that his conduct proximately caused Myers's injury.[3] *See* 21 U.S.C. § 841(b)(1)(C). At trial, the jury was instructed that they had to find but-for causation to convict Thompson on Count One. No mention was made of proximate cause, and Thompson's counsel did not object.

Because of trial counsel's failure to object, we apply plain-error review. *See Cotton*, 535 U.S. at 631. Under this standard, we can only notice "(1) [an] error, (2) that is plain, and (3) that affect[s] substantial rights . . . [when] (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted) (second and last alterations in original). Even assuming *arguendo* that the district court erred, Thompson cannot show—and does not argue—that the error was plain. "[E]very federal court of appeals to address th[e] issue" of whether § 841(b) demands proof of proximate causation has determined that the provision entails no such requirement. *United States v. Harden*, 893 F.3d 434, 447-48 (7th Cir. 2018) (collecting cases), *cert. denied*, 139 S. Ct. 394, 202 (2018); *see also United States v. Burkholder*, 816 F.3d 607, 618 (10th Cir. 2016);

---

[3] Thompson further contends that there was insufficient evidence to prove that the proximate cause standard was met. Of course, the jury was never instructed to find whether Thompson's drug distribution proximately caused Myers's injury, and thus there is no jury finding to challenge. Moreover, we need not reach this issue because we determine that Thompson cannot satisfy the predicate showing of plain error in the failure to instruct the jury on a requirement of proximate cause.

No. 18-11224

*United States v. Webb*, 655 F.3d 1238, 1250 (11th Cir. 2011); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008); *United States v. Houston*, 406 F.3d 1121, 1124-25 (9th Cir. 2005); *United States v. Robinson*, 167 F.3d 824, 832 (3d Cir. 1999); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994). Although we have not squarely answered this question, in *United States v. Carbajal*, we suggested in dicta that § 841(b) "does not impose any sort of explicit causation requirement" and held that U.S.S.G. § 2D1.1, the Sentencing Guidelines provision analogous to § 841(b), "is a strict liability provision that applies without regard for common law principles of proximate cause or reasonable foreseeability." 290 F.3d 277, 284 (5th Cir. 2002); *see also* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (stating that the provision applies if "death or seriously bodily injury resulted from the use of the substance").

Thompson claims that *Burrage* requires proximate cause be proven under the "death or serious bodily injury results" language in § 841(b). He misreads *Burrage*, and his own citations to the case evidence that the Court merely observed that, *in general*, the criminal law imposes a requirement that the defendant's conduct be the proximate cause of the result. *See Burrage*, 571 U.S. at 210. *Burrage* does not—nor does it purport to—read a proximate cause requirement into § 841(b). *See id.* at 218-19 ("We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a *but-for* cause of the death or injury." (emphasis added)). Indeed, we have cited *Burrage* in support of the conclusion that "resulted from" language in a guidelines provision "imposes a requirement [only] of actual or but-for causation." *United States v. Ramos-Delgado*, 763 F.3d 398, 401 (5th Cir. 2014). Given the overwhelming weight of authority, any asserted error by the district court in failing to instruct the jury that proximate cause is an

element of the offense under Count One certainly is not "clear" or "obvious," and Thompson, therefore, cannot meet the exacting standards of plain-error review. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'").

### C. Thompson's Motion for a New Trial

Thompson next challenges the denial of his motion for a new trial, contending that the Government's key witness, Mason, was unreliable and incredible. A district court may grant a motion for a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). We may reverse the district court's decision to deny Thompson's motion for a new trial only if we find it "to be a clear abuse of discretion." *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997) (internal quotation marks and citation omitted). "Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *Id.* at 797 (internal quotation marks and citation omitted). "Where the defense has had an opportunity to question witnesses as to their biases, and the jury has concluded that the witnesses are credible, the trial court has broad discretion" in ruling on a motion for a new trial. *United States v. Dula*, 989 F.2d 772, 778 (5th Cir. 1993). Here, the defense vigorously cross-examined Mason, questioning his credibility and exposing his incentives to testify for the Government. Moreover, it was solely the jury's province "to weigh conflicting evidence and evaluate the credibility of witnesses." *Id.* (internal quotation marks omitted) (quoting *United States v. Ivey,* 949 F.2d 759, 767 (5th Cir. 1991)). Thompson essentially asks us to reevaluate Mason's credibility—a request we decline. *See id.* at 778; *see also United States v. Arnold*, 416 F.3d 349, 361 (5th Cir. 2005) (declining to review the district court's assessment of the credibility of witnesses).

No. 18-11224

## IV. Conclusion

For these reasons, the judgment of the district court is AFFIRMED.