NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-50037 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03330-MMA-1 |
| v. | |
| MAXWELL JOSEPH GAFFNEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted October 5, 2021
Pasadena, California

Before:  GRABER and CHRISTEN, Circuit Judges, and SEEBORG,** District
Judge.

Maxwell Gaffney appeals his conviction for distribution of heroin resulting

in death in violation of 21 U.S.C. § 841(b)(1)(C). We have jurisdiction under 28

U.S.C. § 1291. We affirm.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

**1.** The district court did not err in declining to instruct the jury that proximate cause was required to convict Gaffney. We review de novo whether an instruction omitted or misstated an element of the charged offense. *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). "[P]roximate cause is not a required element for conviction and sentencing under § 841(b)(1)(C)." *United States v. Houston*, 406 F.3d 1121, 1124–25 (9th Cir. 2005). The Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014), holding that but-for causation is required, did not call into question the holding or reasoning in *Houston*. *See United States v. Gonzalez*, 906 F.3d 784, 799 (9th Cir. 2018).

**2.** The district did not err in declining to give Gaffney's proposed jury instructions concerning his theory of defense. We review de novo "[w]hether the other instructions adequately cover the theory of defense." *United States v. Del Muro*, 87 F.3d 1078, 1081 (9th Cir. 1996). Gaffney's proposed instructions either were repetitive of instructions given by the court or misstated the law. *See id.*; *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005) (holding that a defendant "is not entitled to an instruction that misstates the law").

**3.** The district court did not err in admitting images of Facebook messages between Gaffney and another heroin purchaser. We review evidentiary rulings for abuse of discretion. *United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015). The text messages were relevant, probative, and properly authenticated, and

they were not inadmissible hearsay. As the messages were similar to the ones between Gaffney and the decedent Kyle Rodriguez, they were relevant to Gaffney's knowledge, intent, and lack of mistake concerning the sale of heroin to Rodriguez. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[.]"); Fed. R. Evid. 404(b)(2). Given the relevance of the messages, any prejudicial effect did not "substantially outweigh[]" their probative value. Fed. R. Evid. 403. The messages were properly authenticated because, among other reasons, the phone number used by the account holder "Max Gaffney" in the messages was Gaffney's phone number. *See* Fed. R. Evid. 901(a).

Additionally, non-constitutional errors in evidentiary rulings are subject to harmless error review. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). The messages between Gaffney and the other purchaser only went to the elements of whether Gaffney sold heroin to Rodriguez and whether he knew what he sold was heroin. The government provided other evidence of these elements at trial, including the messages between Gaffney and Rodriguez, and drug paraphernalia found in Gaffney's home. Even if the district court erred in admitting the messages between Gaffney and the other purchaser, "it is more probable than not that the error did not materially affect the verdict." *Id.* (internal quotation marks and citation omitted). Finally, the messages sent to Gaffney were admissible

3

as non-hearsay evidence because they were admitted to show their effect on Gaffney, not for their truth. *See* Fed. R. Evid. 801(c)(2).

4.  Sufficient evidence supports the verdict. Gaffney argues that there was insufficient evidence that Rodriguez had lethal levels of heroin in his system and that the heroin Rodriguez used when he overdosed must have been supplied by someone other than Gaffney. Multiple experts, however, testified that Rodriguez would not have died but for the heroin. The case agent who reviewed the contents of Rodriguez's phone testified that the only messages in which Rodriguez successfully arranged to buy heroin close to the date of his death were the ones with Gaffney. Further, the government also presented evidence that Rodriguez did not use heroin earlier in the evening before his overdose at home. Friends and family testified that Rodriguez did not appear to be on drugs earlier in the day, and that Rodriguez ate a large meal on his way home, which an expert opined he would not have been able to eat if he had already used heroin that evening. Viewing the evidence "in the light most favorable for the prosecution . . . [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (internal quotation marks and citation omitted).

5. The district court did not abuse its discretion in denying Gaffney's motion for a new trial. *See United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011)

(reviewing for abuse of discretion the denial of a motion for a new trial). Although the standard governing motions for a new trial is "much broader" than the one governing motions for acquittal, *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (quoting *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992)), this case is not an "exceptional case[] in which the evidence preponderates heavily against the verdict," *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks and citation omitted). Instead, the government provided significant evidence to support each of the elements of the offense. Further, Gaffney argues that his prosecution and conviction were unfair given his lack of prior involvement in Rodriguez's battle with addiction. This argument, however, concerns Congress's design of the statute, not a lack of evidence to support the conviction.

**AFFIRMED.**