NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10239 |
| Plaintiff-Appellee, | D.C. Nos. 1:19-cr-00013-DAD-SKO-1 1:19-cr-00013-DAD-SKO |
| v. | |
| DARNELL PEARSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted February 10, 2022
Pasadena, California

Before: CLIFTON and M. SMITH, Circuit Judges, and S. MURPHY III,** District Judge.

Defendant Darnell Pearson asks this court to vacate his conviction on two counts of fentanyl distribution resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and remand his case for a new trial, or to vacate his sentence

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

and remand for resentencing. The parties are familiar with the facts, and so we do not recount them here. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Mr. Pearson challenges the admission of some of the evidence used against him at trial: text messages between him and one of the deceased, Lakenya Carter, and a photograph from the night of his arrest. Any error in the admission of this evidence was harmless because it is more probable than not that the disputed evidence did not materially affect the verdict. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). The other, unchallenged evidence on the record, including cellphone location data and consciousness of guilt evidence, is overwhelmingly incriminating. *See United States v. Carpenter*, 923 F.3d 1172, 1183 (9th Cir. 2019). Other text messages were admitted establishing drug distribution and the specifics of the relationship between Mr. Pearson and Ms. Carter. The district court gave limiting instructions to the jury on the use of evidence. The challenged evidence would not have had a material effect on a reasonable juror. Further, we review the admission of the testimony identifying Mr. Pearson as the source of the drugs for plain error, and we find no plain error affecting substantial rights.

Mr. Pearson also challenges his restitution order on appeal, but made no timely objection, so we review for plain error. *See United States v. Fu Sheng Kuo*,

2

620 F.3d 1158, 1163 (9th Cir. 2010). Under plain-error review, if we find an error, that is plain, and affects substantial rights, we can exercise our discretion and notice the forfeited error when it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 1163-64. Here, the presentencing report (PSR) wrongly advised the district court that restitution was required pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. The district court adopted the recommendations of the PSR and did not announce its own statutory basis for the restitution order. This was erroneous because the MVRA does not apply to this offense. However, Mr. Pearson is not prejudiced by the restitution order. Another statute, the Victim Witness Protection Act (VWPA), 18 U.S.C. § 3663(a)(1)(A), authorizes restitution for this offense, and the district court did consider Mr. Pearson's financial condition in the PSR, as required under the VWPA. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II). The error does not affect the fairness, integrity, or public reputation of judicial proceedings and so we do not exercise our discretion to reverse and remand on this issue.

Mr. Pearson's argument that the district court wrongly instructed the jury on the elements of the charged offenses is foreclosed by current circuit precedent. *See United States v. Collazo*, 984 F.3d 1308, 1315 (9th Cir. 2021) (en banc); *United States v. Houston,* 406 F.3d 1121, 1122-23 (9th Cir. 2005).

**AFFIRMED.**

3