NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY NEHL BOYLAN,

Defendant - Appellant.

Nos. 24-3077, 24-6045

D.C. No.
2:22-cr-00482-GW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 2, 2025
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Defendant Jerry Boylan appeals from his conviction for seaman's

manslaughter in violation of 18 U.S.C. § 1115. He raises jury instruction and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

expert witness testimony challenges.[1]  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Boylan argues that the district court erred in delivering its jury instruction on causation under 18 U.S.C. § 1115.  We decline to decide whether the district court erred in omitting an explicit "actual cause" instruction, as any error is harmless.  *See United States v. Pineda-Doval*, 614 F.3d 1019, 1028 (9th Cir. 2010) (reviewing omission of proximate cause element from jury instructions for harmless error).  The district court's proximate cause instruction "placed a higher burden of proof on the Government than is required by law."  *United States v. Houston*, 406 F.3d 1121, 1125 (9th Cir. 2005) (finding harmless error in instruction requiring proximate cause although only actual cause was required). And given the overwhelming evidence against Boylan, it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error."  *United States v. Garcia*, 729 F.3d 1171, 1177 (9th Cir. 2013) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

2. The district court did not abuse its discretion by admitting the forensic fire experts' testimony on the origins of the fire.  "[B]efore admitting expert testimony,

---

[1] Boylan also argues that the jury instructions misstated the culpability requirement of 18 U.S.C. § 1115.  We address this argument in a concurrently filed opinion, in which we affirm.

the district court must perform a gatekeeping role to ensure that the testimony is both relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 897–98 (9th Cir. 2020) (internal quotation marks omitted). And in determining whether such testimony is reliable, the district court has "wide discretion." *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1269 (9th Cir. 2024) (cleaned up).

The district court properly deemed forensic fire experts Jonathan Butta and Derek Hill's testimony reliable. The fire experts established the reliability of their testimony by detailing the methods and tests used to conclude where the fire likely originated. *See id.* at 1270.

3. Even if the district court erred in failing to make explicit reliability findings for seamanship expert Sean Tortora's testimony or in permitting Tortora to testify about Boylan's "conduct" and "prudent seamanship," any such errors are harmless. Tortora's testimony "likely did not materially impact the jury's verdict," given that his testimony was mostly contextual and common sense and that the evidence against Boylan was overwhelming. *Id.*

4. Finally, we reject Boylan's cumulative error argument. Where the district court did not err, there can be no "cumulative effect . . . so prejudicial to the appellants that reversal is warranted." *United States v. Wallace*, 848 F.2d 1464, 1475 (9th Cir. 1988) (citation omitted). And even if the district court did err, a finding of cumulative error is justified only when "the evidence against the

defendant was not overwhelming and [] the case was a close one." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). This one was not.

**AFFIRMED.**